UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re:  ANA PEREZ, | | ) | No. 24-4073 |
| | | ) | |
| | Debtor. | ) | Chapter 7 |
| | | ) | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, | | ) | |
| | | ) | |
| | | ) | |
| | Plaintiff, | ) | No. |
| | | ) | |
| | v. | ) | Judge Goldgar |
| | | ) | |
| ANA PEREZ, | | ) | |
| | | ) | |
| | Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

The Federal Emergency Management Agency (FEMA), by its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, alleges against Ana Perez as follows:

**Jurisdiction and Venue**

1.     This court has jurisdiction over this matter under the provisions of 28 U.S.C. § 1334(b).

2.     This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) because the complaint seeks the determination of the dischargeability of debt under 11 U.S.C. § 523(a)(2)(A).

3.     Venue is appropriate in the Northern District of Illinois under 28 U.S.C. § 1409(a) because the complaint arises under title 11 of the United States Code and because Ana Perez's bankruptcy case is pending before this court.

4.     FEMA consents to the entry of final orders or judgment by the bankruptcy court.

**Parties**

5.      Plaintiff FEMA is part of the United States Department of Homeland Security.

6.      Ana Perez is an individual residing within the Northern District of Illinois.

**FEMA's Statutory Framework**

7.      Following a disaster declaration by the President of the United States, the Robert T. Stafford Disaster Relief and Emergency Assistance Act, as amended (Stafford Act), authorizes FEMA to provide financial and other assistance to disaster-affected individuals and households. If authorized in the declaration, FEMA may provide grants to individuals and households displaced from their pre-disaster primary residences, or whose pre-disaster primary residences are rendered uninhabitable as a result of damage caused by a major disaster.  42 U.S.C. § 5174(b)(1); 44 C.F.R. § 206.101. FEMA may also provide grants to individuals and households for loss of personal property as a result of damage caused by a major disaster.  42 U.S.C. § 5174(e)(2); 44 C.F.R. § 206.119.

8.      FEMA's temporary housing assistance grants, also known as "rental assistance," are available only to an applicant whose primary residence has been made unlivable or who has been displaced as the result of a major disaster or emergency.   44 C.F.R. § 206.101(f)(1).

9.      Any decision regarding eligibility for, or amount of, assistance under the Stafford Act may be appealed within 60 days after the date on which the applicant for such assistance is notified of the award or denial of award of such assistance, including notification of administrative action to recoup improper payments.  42 U.S.C. § 5189a.

**Ana Perez's Grant Application for Disaster-4557**

10.      The President declared that a major disaster existed in the State of Iowa due to severe storms and flooding beginning August 17, 2020.  That declaration (DR-4557) authorized

FEMA to make individual assistance available to affected individuals and households.  Declaration of Richard Williams (Declaration) Exhibit A.

11.     Ana Perez registered via the internet for assistance with FEMA for herself, two minor children, and a third dependent for a residence located at 5023 1st Ave. NW, Cedar Rapids, Iowa.  Perez alleged damage to the residence that was caused by the disaster on August 10, 2020.  Declaration Exhibit B.  Three days after her application, FEMA awarded Perez $2,442 in rental assistance in light of her claim that she was displaced from her residence due to the storm.  Declaration Exhibit C.  FEMA awarded Perez an additional $7,844.08 for repair or replacement of personal property on October 22, 2020.  Declaration Exhibit D.

### Ana Perez's Grant Applications for Disaster-4611

12.     The President declared that a major disaster existed in the State of Louisiana due to the effects of Hurricane Ida beginning August 29, 2021.  That declaration (DR-4611) authorized FEMA to make individual assistance available to affected individuals and households.  Declaration Exhibit E.

13.     On September 8, 2021, Perez registered for assistance with FEMA for just herself for a residence located at 2633 Dawson St., Kenner, Louisiana.  Perez alleged damage to the residence was caused by the hurricane on August 29, 2021.  Declaration Exhibit F.  On September 22, 2021, FEMA provided Perez $5,006.67 in personal property assistance and $1,798 in rental assistance.  Declaration Exhibit G.  The following day, FEMA provided Perez another $500 for critical needs assistance meant to cover critical expenses such as food, water, and prescriptions.  Declaration Exhibit H.

14.     On October 14, 2021, Perez faxed FEMA a request for continued rental assistance.  Perez provided FEMA with three hand-written rental receipts purporting to show cash rent payments in the amount of $650 each, paid to Greg Jones.  Perez further provided a lease

3

agreement between her and Gregory Jones for a residence located at 2616 Georgia Ave., of no stated city, in the amount of $955 per month. Declaration Exhibit I. On November 3, 2021, Perez faxed a form to FEMA to supplement her October request. In this request, she indicated that her mailing address was 2633 Dawson St., Kenner, Louisiana, and that her landlord was Greg Jones. Declaration Exhibit J.

15. Perez continued her requests to FEMA for assistance into 2022. On January 20, 2022, Perez sent a fax to FEMA containing a letter from her purported landlord, Greg Jones, indicating that Jones had been renting a room to Perez since September 10, 2021. However, the signature for Greg Jones in this letter does not match the signature for Greg Jones in the receipts Perez provided to FEMA in October 2021. On February 15, 2022, Perez sent a fax to FEMA containing ten handwritten rent receipts for a residence located at 2616 Georgia Ave, of no named city. Perez purportedly paid $650 cash for two-weeks' rent in October 2021, $650 for the first two-week's rent in November 2021, $750 cash for four weeks' rent between mid-November to mid-December 2021, $750 cash for four weeks' rent between mid-December 2021 to mid-January 2022, and an illegible amount of cash for two weeks' rent running mid-January to the end of January 2022. The purported landlord was Greg Jones; however, the signature for Greg Jones in these receipts does not match the signature for Greg Jones in the receipts Perez provided to FEMA in October. Declaration Exhibit L.

16. On March 4, 2022, FEMA provided Perez $5,441 in continued rental assistance. Declaration Exhibit M.

### The Investigation

17. In April 2022, FEMA fraud investigators completed an investigation into the applications for assistance submitted by Perez. Investigators discovered that Gregory Jones,

4

Perez's purported landlord for her Louisiana application, also filed a claim with FEMA for the Iowa disaster using a residence on the same block where Perez claimed to have resided in Iowa. Investigators noted that Jones similarly filed for assistance with FEMA for the Louisiana disaster and listed an address next-door to Perez.  According to the Cedar Rapids City Assessor's Office, there is no valid address in the City of Cedar Rapids for the residence used by Perez in her Iowa application.  Further, investigators were unable to tie Perez to any Iowa or Louisiana address pursuant to public records searches.  Rather, Perez has been associated with addresses in Chicago, Illinois, at all times.  Perez was arrested on June 2 and on August 7, 2020, and provided law enforcement with a Chicago home address.  The Illinois Department of Motor Vehicles also reflected a Chicago address during the relevant periods.  Perez also received a loan from the Small Business Administration in March 2021 using the same Chicago address.  When Perez applied over the internet for assistance for both Iowa and Louisiana disasters, the geolocation address for the internet provider (IP) addresses she used placed her in the Chicago area.  Declaration Exhibits N and O.

### Overpayment Assessment

18.     As to DR-4557, FEMA determined Perez to be ineligible on May 16, 2023, for the Iowa assistance she received, in the amount of $10,286.08 and initiated administrative action to recover the grant money.  FEMA mailed a debt letter to the Iowa address Perez used in her application. Declaration Exhibit P.  FEMA further mailed its debt letter to Perez's Chicago address two months later.  Declaration Exhibit Q.  Perez did not appeal.  Four months later, FEMA sent a final debt letter to Perez at her Chicago residence.  Declaration Exhibit R.

19.     As to DR-4116, FEMA determined Perez to be ineligible on July 26, 2023, for the Louisiana assistance she received in the amount of $12,745.67 and initiated administrative action

to recover the grant money.  FEMA mailed a debt letter to Perez's Chicago address.  Declaration Exhibit S.  Perez did not appeal.  Four months later, FEMA sent a final debt letter to Perez at her Chicago residence.  Declaration Exhibit T.

20.     Perez misrepresented that she occupied an Iowa residence in order to receive grant assistance for DR-4557.  Declaration Exhibit N.

21.     Perez mispresented that she occupied a Louisiana residence in order to receive grant assistance for DR-4116.  Declaration Exhibit O.

22.     The documentation submitted to FEMA by Perez in both disaster declarations was false and fraudulent.

23.     Perez was not eligible for the disaster-related rental assistance that she claimed.

### Exception from Discharge of Debt Owed by
### Perez to FEMA Pursuant to 11 U.S.C. § 523(a)(2)(A)

24.     Perez made false and fraudulent representations in her personal property and rental assistance applications to FEMA that she knew to be false and were made with the intent to deceive.

25.     FEMA justifiably relied on Perez's false and fraudulent representations in her assistance applications to provide her with assistance payments to which she was not entitled in the amounts of $10,286.08 (DR-4557) and $12,745.67 (DR-4116).

26.     The total overpayment debt owed to FEMA as a result of Perez's false and fraudulent representations is currently $23,114.31, with interest.  Declaration Exhibits U and V.

27.     FEMA sustained a loss in the amount of the overpayment, caused by Perez's false and fraudulent, knowing and willful representations in her assistance applications to FEMA.

28.     Perez obtained the overpayment from FEMA by false pretenses, a false representation, and/or actual fraud.

6

29.    Pursuant to § 523(a)(2)(A) of the Bankruptcy Code, the overpayment constitutes a nondischargeable debt in Perez's bankruptcy case.

WHEREFORE, FEMA requests that this court determine that the overpayment owed by Perez to FEMA constitutes a nondischargeable debt under § 523(a)(2)(A) and grant such other relief as the court may deem appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ David H. DeCelles
    DAVID H. DeCELLES
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4220
    david.decelles@usdoj.gov

7